Frost, J.,
dissenting. A minority of the Court are in favor of a new trial, because there is not sufficient evidence that the money was deposited by Patrick McBride with the defendant for the use of the plaintiff, and to be paid to the plaintiff if he recovered in the action of trover. The evidence rather shews that the money was deposited with the defendant for his own indemnity, against his liability in the trover bond. This is the more probable inference from the transaction. Even if the money had been deposited with the defendant, under instructions to pay it to the plaintiff, if he should recover in the trover suit, Patrick McBride might revoke that application at any time before the defendant had paid it to the plaintiff, or had, by a promise or otherwise, incurred a liability to the plaintiff to pay the money to him. There is no evidence of such promise or liability. Patrick McBride and Malian sanctioned, if they did not direct, the payment of the money to the South Carolina Bank, in payment of their joint debt. Michael McBride was not liable to pay the plaintiff’s verdict in trover. The money was discharged of any claim for indemnity on his account; and the owner had a right to apply it most advantageously to himself in the discharge of a suretyship debt. The evidence of Patrick’s countermand of the alleged application of the money to pay the plaintiff was not ad *347 verted to, nor the law applicable to that evidence brought to the attention of the jury, in the instructions of the Circuit Judge.
Wardlaw, J., concurred.

Motion dismissed.